People ex rel. Purita v Dannhauser (2022 NY Slip Op 04815)

People ex rel. Purita v Dannhauser

2022 NY Slip Op 04815

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH A. ZAYAS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2022-05701 DECISION, ORDER & JUDGMENT

[*1]The People of the State of New York, ex rel. Enrico Purita, on behalf of I.R., petitioner,
v
Jess Dannhauser, etc., respondent.

Twyla Carter, New York, NY (Enrico Purita pro se of counsel), for petitioner.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.

Writ of habeas corpus in the nature of an application to release I.R. upon his own recognizance or, in the alternative, to set reasonable bail upon Richmond County Indictment No. 70585/2022. Application by the petitioner for poor person relief and to seal the papers filed in connection with the application for a writ of habeas corpus.
ORDERED that the branch of the application which is to seal the papers filed in connection with the application for a writ of habeas corpus is granted to the extent that the papers filed in connection with the application for a writ of habeas corpus are marked confidential and may not be viewed by the public but may be viewed by the parties and counsel appearing on their behalf, and that branch of the application is otherwise denied; and it is further,
ORDERED that the branch of the application which is for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022(b) is waived, and that branch of the application is otherwise denied as academic; and it is further,
ADJUDGED that the writ is sustained, without costs or disbursements, to the extent that bail upon Richmond County Indictment No. 70585/2022 is set in the sum of $600,000 posted in the form of an insurance company bail bond, the sum of $600,000 posted in the form of a partially secured bond, with the requirement of 10% down, or the sum of $200,000 deposited as a cash bail alternative, on condition that, in addition to posting a bond or depositing the cash alternative set forth above, I.R. shall (1) wear an electronic monitoring bracelet, with monitoring services to be provided by a qualified entity pursuant to CPL 510.40(4)(c), and any violations of the conditions set forth herein relating to the electronic monitoring shall be reported by the electronic monitoring service provider to the Office of the District Attorney of Richmond County, and further proceedings pursuant to CPL 510.40(4)(d), if any, shall be conducted by the Supreme Court, Richmond County; (2) remain confined to his residence, except for visits to his school, his attorney, his doctors, or court, and must travel directly from his home to his school, his attorney, his doctors, or court, and directly back to his home, when conducting those visits; (3) surrender all passports, if any, he may have to the Office of the District Attorney of Richmond County, or, if he does not possess a passport, he shall provide to the Office of the District Attorney of Richmond County an affidavit, in a form approved by the Office of the District Attorney of Richmond County, in which he attests that he does not possess a passport, and shall not apply for any new or replacement passports; and (4) provide to [*2]the Office of the District Attorney of Richmond County an affidavit, in a form approved by the Office of the District Attorney of Richmond County, in which he attests that if he leaves the jurisdiction he agrees to waive the right to oppose extradition from any foreign jurisdiction; and it is further,
ORDERED that upon receipt of a copy of this decision, order and judgment together with proof that I.R. (1) has given an insurance company bail bond in the sum of $600,000, has given a partially secured bond in the sum of $600,000, with the requirement of 10% down, or has deposited the sum of $200,000 as a cash bail alternative; (2) has arranged for electronic monitoring with a qualified entity pursuant to CPL 510.40(4)(c); (3) has surrendered all passports, if any, he may have to the Office of the District Attorney of Richmond County, or, if he does not possess a passport, has provided to the Office of the District Attorney of Richmond County an affidavit, in a form approved by the Office of the District Attorney of Richmond County, in which he attests that he does not possess a passport, and shall not apply for any new or replacement passports; and (4) has provided to the Office of the District Attorney of Richmond County an affidavit, in a form approved by the Office of the District Attorney of Richmond County, in which he attests that if he leaves the jurisdiction he agrees to waive the right to oppose extradition from any foreign jurisdiction, the Warden of the facility at which I.R. is incarcerated, or his or her agent, is directed to immediately release I.R. from incarceration.
BRATHWAITE NELSON, J.P., ZAYAS, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court